NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANESSA HAMILTON, | No.    20-55208 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01110-AG-DFM |
| v. | |
| ORANGE COUNTY SHERIFF'S DEPARTMENT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 30, 2021[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Plaintiff-Appellant Vanessa Hamilton ("Hamilton") appeals the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

court's grant of summary judgment in favor of Defendant-Appellee Orange County Sheriff's Department ("OCSD") on her claims alleging retaliation in violation of 42 U.S.C. § 1981 and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* Hamilton also appeals the district court's denial of her request to re-open discovery and the district court clerk's taxation of costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** We review de novo the district court's grant of summary judgment on Hamilton's retaliation claims. *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). Viewing the evidence in the light most favorable to Hamilton, we must determine whether "there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

The district court correctly granted summary judgment in OCSD's favor on Hamilton's 42 U.S.C. § 1981 retaliation claim because there is no evidence that the adverse employment actions suffered by Hamilton resulted from an unlawful policy or custom. *See Fed'n of Afr. Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court also correctly granted summary judgment in OCSD's favor on Hamilton's FEHA retaliation claim. Assuming without deciding that Hamilton

2

met her initial burden of establishing a prima facie case of retaliation under the burden-shifting framework applicable to her FEHA claim, OCSD was nevertheless entitled to summary judgment because Hamilton identified no evidence from which a reasonable jury could find that OCSD's proffered reasons for her termination were pretextual. *See Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007), *abrogated on other grounds by Nat'l Ass'n of Afr. Am.-Owned Media v. Charter Commc'ns, Inc.*, 915 F.3d 617 (9th Cir. 2019); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). Hamilton does not dispute that she failed to report for a mandatory overtime shift on May 25, 2016, and the record evidence supports OCSD's conclusion that she was deceptive concerning the reasons for her failure to report. There is no evidence that similarly situated employees were retained after similar misconduct, nor is there any other evidence from which a jury could reasonably infer that OCSD's proffered reasons for Hamilton's termination are unworthy of credence. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011).

**2.** We review for abuse of discretion the district court's refusal to re-open discovery before ruling on OCSD's summary judgment motion. *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). The district court acted within its discretion because Hamilton failed to establish good cause to modify the pretrial scheduling order. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations,*

*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Hamilton was not diligent in conducting discovery; other than appearing for her deposition, she engaged in no discovery during the approximately one-year discovery period set by the district court's scheduling order. One of Hamilton's attorneys suffered a personal tragedy that interfered with his ability to work during the discovery period, but Hamilton failed to offer any explanation why her other attorney did not conduct discovery, nor any explanation why she waited until one month after the close of discovery and one week after OCSD moved for summary judgment to request a modification of the scheduling order. In addition, the declaration of counsel accompanying Hamilton's application to re-open discovery did not comply with Federal Rule of Civil Procedure 56(d) because it did not identify any unavailable facts that were essential to justify Hamilton's opposition to OCSD's summary judgment motion. *See California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998).

3.  Hamilton waived her right to appellate review of the district court clerk's taxation of costs because she failed to move for district court review under Federal Rule of Civil Procedure 54(d)(1). *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1262 (9th Cir. 2016).

**AFFIRMED.**